UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| CRAIG SHELTON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>GERBER LEGENDARY BLADES,<br><br>　　　　　　　Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY DEMAND REQUESTED |

COMES NOW the plaintiff, Craig Shelton, by and through his attorneys of record, James W. Beck and James Horne of Gordon, Thomas, Honeywell, LLP and hereby alleges as follows:

I.　JURISDICTION

1.1　Jurisdiction is conferred on this court by 28 U.S.C. § 1331, by the Uniform Services Employment Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4323(b)(3). Jurisdiction is also conferred by 28 U.S.C. § 1367.

1.2　Venue is proper in this Court. 38 U.S.C. § 4323(c)(2).

II.　PARTIES

2.1　Plaintiff Craig Shelton resides in Mulino, Oregon.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1 of 6

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

2.2 Defendant Gerber Legendary Blades is an Oregon Corporation with its principle place of business in Portland, Oregon. The registered agent for Defendant Gerber Legendary Blades is Corporation Service Company.

### III. STATEMENT OF FACTS

3.1 At all times relevant, Plaintiff Craig Shelton ("Shelton") has served with the United States Army Reserve as a Sergeant Major.

3.2 Shelton was hired by Gerber Legendary Blades and employed in sales to military and government agencies.

3.3 Shortly after his employment with Gerber Legendary Blades, Shelton's supervisor, Brent Bateman, was unsupportive of Shelton's concurrent military obligations with the United States Army Reserve.

3.4 On or about February 8, 2012, Shelton notified his supervisor, Brent Bateman, of a future military service obligation.

3.5 Bateman was upset about this service obligation and responded through an email shortly thereafter requesting a written update about absences due to his military obligations and contact information for Shelton's chain of command so that Bateman could explain to the military that Shelton's absence would place a "burden on Gerber." A copy of Bateman's February 8, 2012 email is attached as Exhibit A.

3.6 Next, Bateman called Command Sergeant Major Nathan Smith, who at the time was with the 301st Maneuver Enhancement Brigade, Army Reserve Joint Base Lewis McChord. During this phone call, Bateman was upset about Shelton's military commitment. Command Sergeant Major Nathan Smith's declaration is attached as Exhibit B.

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

3.7 As ordered, Shelton complied with his military obligation and was terminated by Gerber Legendary Blades upon his return.

3.8 After his termination, Shelton filed a complaint against Gerber Legendary Blades with the United States Department of Labor.

3.9 By letter dated May 16, 2012, the United States Department of Labor completed its investigation into Shelton's complaint finding that Shelton was terminated because of his military service obligations.

3.10 The United States Department of Labor concluded, in part, that:

> Based on the facts, as determined in our investigation, and the application of the law to the facts, it is VETS' position that Mr. Shelton's allegations are meritorious. Specifically, we find that Gerber Legendary Blades is not in compliance with: Title 38 U.S.C. § 4311(a) which states, "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." Accordingly, we believe Mr. Shelton is entitled to the following relief afforded under USERRA: reinstatement and back wages. . . .

A copy of the U.S. Department of Labor's May 16, 2012 finding is attached as Exhibit C.

3.11 Defendant Gerber Legendary Blades terminated Shelton because of his military status and related obligations.

3.12 Defendant's actions were intentional and done with willful disregard of state and federal law.

3.13 As a result of Defendant's unlawful and tortuous actions, Plaintiff Shelton has sustained economic and non-economic damages, including past wage loss, future

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3 of 6

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

wage loss, loss of training, career interference, emotional distress, loss of reputation, and other damages to be proven at trial.

### IV.   FIRST CAUSE OF ACTION
### VIOLATION OF THE PROTECTIONS AFFORDED BY THE USERRA

4.1   Defendant's actions were in violation of 38 U.S.C. §§ 4301-4333. Congress has described the purpose of this law as follows:

> The purposes of this chapter [38 USCS §§ 4301 et seq.] are – (1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services.

38 U.S.C. § 4301(a).

4.2   Federal law, 38 U.S.C. § 4311, prevents discrimination against individuals who serve in the uniform service. This statute provides, in most relevant part, that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

4.3   In terminating his employment, Defendant discriminated against Plaintiff.

4.4   Defendant was obligated to provide Plaintiff work free from discrimination. Defendant failed to comply with this obligation.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 4 of 6

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

4.5  The USERRA provides for injunctive relief. Specifically, "[t]he court may require the employer to comply with the provisions of this chapter [38 USCS §§ 4301 et seq.]." 38 U.S.C. § 4323(d)(1)(A). Moreover, "[t]he court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter [38 USCS §§ 4301 et seq.]." 38 U.S.C. § 4323(e).

4.6  Defendant's actions are the proximate cause of Plaintiff's damages, including past wage loss, future wage loss, loss of reputation, and other damages to be proven at trial.

## V.  SECOND CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF OREGON STATE LAW

5.1  Oregon State Law, ORS Chapter 659A, prohibits discrimination against workers in uniformed service.

5.2  Defendant violated Oregon State Law by discriminating against Plaintiff on the basis of his uniformed service obligations.

5.3  Defendant violated Oregon State law by discriminating against Plaintiff on the basis of his military status.

5.4  Defendant violated Oregon State law by acquiescing in the discriminatory actions of its employees and/or agents. The actions of Gerber Legendary Blades' supervisors in discriminating against Plaintiff were within the scope of their employment. Defendant Gerber Legendary Blades is vicariously liable for the actions of its supervisors.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 5 of 6

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 • FACSIMILE (253) 620-6565

5.5   Defendant's actions are the proximate cause of Plaintiff's damages, including all compensatory damages, past wage loss, future wage loss, emotional distress, loss of reputation, and other damages to be proven at trial.

## VI.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court:

6.1   Assume jurisdiction of this action.

6.2   Award a judgment of monetary damages in an amount to be proven at trial.

6.3   Award a judgment of liquidated and punitive damages to the extent authorized by law.

6.4   Award a judgment for monetary damages for compensatory damages, wage loss, pain, suffering and emotional distress to be proven at trial.

6.5   Award injunctive relief, including but not limited to reemployment, as provided by state and federal law.

Plaintiff prays in addition:

6.6   For a trial by jury.

6.7   For reasonable attorney's fees and costs as authorized by law.

6.8   For such other and further relief as the Court deems just and proper.

DATED this 12th day of October, 2012.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By: *James E. Horne*
James E. Horne, OSB No. 82169
jhorne@gth-law.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 6 of 6

[100051471.docx]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565